**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Wu Yan Zheng,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No.: 2:26-cv-02731-JAD-NJK<br>**Order Granting Habeas Petition and Denying as Moot Motion for Temporary Restraining Order**<br>[ECF Nos. 11, 13] |

Petitioner Wu Yan Zheng is a Chinese citizen who arrived in the United States in 1990 and was ordered removed in 2002. He was detained by Immigration and Customs Enforcement[1] (ICE) agents in 2008, but he was released six months later because the government was unable to secure his removal to China. But on July 6, 2026, ICE arrested Zheng, and he has been detained at the Henderson Detention Center ever since.

In August 2026, Zheng filed a pro se petition for a writ of habeas corpus seeking his release from custody. The court appointed counsel, who filed a first amended habeas petition and a motion for a temporary restraining order seeking Zheng's immediate release. Zheng argues that ICE has detained him for too long without showing that he is likely to be removed in the reasonably foreseeable future and that ICE's policy of removing noncitizens to a third country without adequate notice or a hearing violates his due-process rights.

I grant Zheng's habeas petition. Zheng has been detained for at least six months under his order of removal. He has shown that there is no good reason to believe that his removal is forthcoming, and the government has failed to present any competent evidence suggesting

[1] ICE has had different institutional names throughout the years. To simplify matters, I refer to the agency with the power and authority to remove noncitizens as ICE even if it may have been called something else when Zheng was ordered removed.

otherwise. So I order Zheng's immediate release, subject to supervision conditions. But I do not address Zheng's third-country-removal arguments because he has not shown that the government is intending to remove him to a third country. Finally, because resolving this petition affords Zheng the relief he seeks, I deny as moot his motion for a temporary restraining order.

## Background

Petitioner Wu Yan Zheng alleges that he came to the United States from China in 1990.[2] He was ordered removed in 2002, but he remained in the country, obtained employment authorization, and raised a family.[3] ICE detained Zheng in 2008 and attempted to remove him to China, but he was released on an order of supervision six months later because the government could not effectuate his removal.[4]

Zheng has lived in the United States under that order of supervision for approximately 18 years. He diligently attended his supervision appointments and complied with requests related to obtaining his travel documents.[5] But on July 6, 2026, ICE agents arrested Zheng as he was boarding a flight home from Las Vegas.[6] He's been in ICE custody at the Henderson Detention Center ever since.

---

[2] ECF No. 11 at 4.

[3] *Id.*

[4] *Id.*; ECF No. 12-2; ECF No. 12-3 at 3.

[5] ECF No. 12-1.

[6] ECF No. 12-3 at 3.

## Discussion

### A. This court has jurisdiction over Zheng's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[7] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under the United States' immigration laws.[8] I have repeatedly rejected the respondents' arguments, raised again here, that this court does not have jurisdiction to resolve *Zadvydas* claims under 8 U.S.C. §§ 1252(g) or 1252(b)(9), so I do not repeat that analysis.

### B. Zheng has shown that he is entitled to relief on his prolonged-detention claim.

#### ***1. The government has authority to detain noncitizens after they have been ordered removed.***

The Immigration and Nationality Act (INA) and its implementing regulations establish a complex set of rules governing the government's authority to arrest, detain, order removed, and deport noncitizens. 8 U.S.C. § 1231(a) governs the detention of noncitizens who have been ordered removed. It establishes a 90-day "removal period" that begins on "(i) the date the order of removal becomes administratively final, (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," or (iii) the date the noncitizen is released from non-immigration detention.[9] During that 90-day period, detention is mandatory.[10] The statute gives the government the ability to detain a noncitizen beyond that

---

[7] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[8] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[9] 8 U.S.C. § 1231(a)(1)(B).

[10] 8 U.S.C. § 1231(a)(2)(A).

90-day removal period under § 1231(a)(6) if he is inadmissible; removable "as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy";[11] or has been determined "to be a risk to the community or unlikely to comply with the order of removal."[12] If those conditions aren't met, the government may release the noncitizen "subject to certain terms of supervision."[13]

### *2. The Supreme Court has limited the government's statutory authority to indefinitely detain noncitizens awaiting removal.*

Section 1231(a)(6) contains no limit on the length of time that a noncitizen may be held after his removal order becomes final. But in *Zadvydas v. Davis*, the United States Supreme Court rejected the government's contention that noncitizens can be held indefinitely under § 1231(a)(6) because that interpretation "would raise a serious constitutional problem" under the Fifth Amendment's due-process clause.[14] To avoid those constitutional concerns, the High Court interpreted the statute to permit continued detention only if a noncitizen's removal is "reasonably foreseeable."[15] It determined that six months of post-removal-period detention is presumptively reasonable.[16] But after six months, the noncitizen must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" to show that his prolonged detention exceeds the government's statutory authority and that he should be

---

[11] *Zadvydas*, 533 U.S. at 682.

[12] 8 U.S.C. § 1231(a)(6).

[13] *Zadvydas*, 533 U.S. at 682 (quoting 8 U.S.C. § 1231(a)(6)) (cleaned up).

[14] *Id.* at 690.

[15] *Id.* at 699.

[16] *Id.* at 701.

released from ICE custody.[17] If the noncitizen meets that burden, "the government must respond with evidence sufficient to rebut that showing."[18] And as "the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."[19]

### ***3. Zheng has shown good reasons to believe that he will not be removed in the reasonably foreseeable future, and the government has not rebutted that showing with any evidence of likely removal.***

Zheng has been detained for approximately nine months. He was in ICE custody for six months in 2008, and he has been detained for 99 days since his arrest in July 2026. So Zheng bears the initial burden of showing that there are "good reason[s] to believe that there is no significant likelihood of removal in the reasonably foreseeable future."[20] To meet that burden, Zheng notes that he has been subject to an order of removal for approximately 18 years, and ICE has been unable to remove him throughout that period. He notes that he has complied with requests related to obtaining travel documents and diligently attended his supervision appointments, but removal has not been possible. Zheng argues that there is no evidence suggesting that something has changed to make his removal foreseeable. I find that Zheng's allegations are sufficient to establish good reason to believe that he is not likely to be removed in the reasonably foreseeable future.

The government does not meaningfully rebut Zheng's allegations, nor does it provide any evidence showing a significant likelihood of his reasonably foreseeable removal. It merely states that Zheng hasn't been detained for six months this time around, so his detention is authorized by

---

[17] *Id.*

[18] *Id.*

[19] *Id.* (cleaned up).

[20] *Id.*

§ 1231.[21] But several courts have found that prior detention periods must be counted; otherwise, the government could detain, release, and re-detain noncitizens ad nauseam without technically violating *Zadvydas*.[22] I agree with the reasoning of those courts. *Zadvydas* presumed that detention following removal could reasonably last six months. If, as here, the noncitizen has been previously detained under the same removal order, the government cannot simply restart the six-month clock whenever it chooses to re-detain him. So I consider prior detention periods in my analysis and I conclude that Zheng has been detained for more than nine months.

The government provides no evidence suggesting that Zheng's removal is likely or foreseeable—indeed, it doesn't even suggest that it is actively attempting to secure his removal. So I grant Zheng's habeas petition on the ground that his continued detention exceeds the government's statutory authority under *Zadvydas*, and I order his release. I also prohibit the federal respondents from re-detaining Zheng absent proof of changed circumstances demonstrating that his removal to China is likely to occur in the reasonably foreseeable future.[23]

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Wu Yan Zheng's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 11] is GRANTED**. Petitioner **Wu Yan Zheng**

---

[21] ECF No. 15 at 9.

[22] *See, e.g.*, *Shalala v. Mattos*, 2025 WL 3568234, at * 6 (D. Nev. Dec. 14, 2025) (considering the "full amount of time that Petitioner has spent in immigration detention since he was ordered removed" because "[o]therwise, the government could simply circumvent the INA by releasing and re-detaining citizens such that they never reach six months of continuous detention"); *Nguyen v. Scott*, 796 F. Supp. 703, 722 (W.D. Wash. 2025) (noting that, "under the reasoning of *Zadvydas*, a series of releases and re-detentions by the government . . . in essence results in an indefinite period of detention, albeit executed in successive six-month intervals").

[23] I do not grant separate relief on Zheng's third-country-removal claim. Zheng has not shown that the government intends to remove him to a third country, so I conclude that this claim is not ripe.

**must be released from detention within three days, subject to reasonable conditions of supervision. Imposition of those conditions must not delay Zheng's release.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Zheng's release at least 24 hours before the release is set to occur, and

(2) notice that Zheng's release was effectuated within four days of this order.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Wu Yan Zheng absent proof of changed circumstances making his removal to China reasonably foreseeable.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

IT IS FURTHER ORDERED that Zheng's motion for a temporary restraining order **[ECF No. 13] is DENIED** as moot.

The Clerk of Court is directed to SEND a copy of this order to the Warden of Henderson Detention Center in Henderson, Nevada, and CLOSE THIS CASE.

U.S. District Judge Jennifer A. Dorsey
October 13, 2026